# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PROCRAFT CABINETRY, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-cv-01392 |
| | ) **CHIEF JUDGE CRENSHAW** |
| SWEET HOME KITCHEN AND BATH, INC., et al., | ) |
| Defendants. | ) |

## ORDER

For the reasons stated on the record, the Court rules on certain pending motions as follows:

1. The Court finds good cause to excuse Defendants' counsel due to a conflict of interest that implicates certain ethical responsibilities. Accordingly, the Motion to Withdraw as Counsel and for Extension of Stay (Doc. No. 160) is **GRANTED**. The following counsel are terminated as counsel of record for all Defendants: Casey Leigh Miller, E. Todd Presnell, Joel D. Eckert, Joshua J. Phillips, Kristi W. Arth, and Lela M. Hollabaugh.

Defendants shall obtain new counsel on or before **March 2, 2018**, and the case is **STAYED** until then. On that date, if any individual defendants are still unrepresented, they will be deemed pro se. Corporate defendants are not permitted to proceed pro se. The **March 2, 2018** hearing is **CANCELED** and the Court will maintain the March 5, 2018 preliminary injunction hearing at this time. The parties are **ORDERED** to maintain the status quo until further orders of the Court. Defendants are reminded of their ongoing duty to not delete, destroy, or otherwise tamper with any evidence related to this case.

In their opposition to this motion, Defendants request sanctions under 28 U.S.C. § 1927, which provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under [S]ection 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Swan v. Ruben, 485 U.S. 934, 984 (1988); Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006) ("To merit sanctions, the conduct must demonstrate more than negligence or incompetence but need not amount to bad faith."). "Under this formulation, the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997). Rather, "the purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." See Jones v. Continental Corp., 789 F.2d 1225, 1230-31 (6th Cir. 1986).

Here, this matter is in its infancy. The Court finds that Defendants have not introduced evidence of bad faith between December 22, 2017 and February 5, 2018. Nor have they convinced the Court that counsel's behavior was so vexatious or egregious as to exceed negligence or incompetence. Red Carpet, 465 F.3d at 646-47 (awarding Section 1927 sanctions after finding counsel had engaged in multiple types of vexatious and harassing behavior as well as "literally and unnecessarily multiplied the proceedings" by impermissibly prosecuting a parallel case in another court); Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir. 1992) (noting that, under

2

Section 1927, failing to undertake a reasonable inquiry into the basis for a claim does not necessarily indicate that the proceedings were intentionally or unreasonably multiplied). Finally, counsel has not acted in a manner that has been excessively dilatory or intolerably aggressive where they sought to correct the record and withdraw in less than fifty days. Accordingly, Defendants' request for sanctions is **DENIED.**

2. Plaintiff's Motion for Referral to United States Department of Justice (Doc. No. 164) is **DENIED.**

3. Plaintiff's Motion for Contempt and Request for Expedited Determination (Doc. No. 167) and Third Party Defendant Sophia Chen's Motion for Contempt (Doc. No. 168) are **DENIED WITHOUT PREJUDICE**. These motions allege that Defendants Peter Huang and Jackey Lin violated the Court's January 12, 2018 Order by bringing certain counterclaims derivatively. The January 12 Order provided that Plaintiff could file a motion for contempt if it asserted a violation of the Court's Order. The gravamen of this motion is that Huang and Lin filed their derivative Verified Counterclaims improperly. Whether this is true or not, the Court has excused Defendants' counsel of record from this case. The Court finds the best course of action is to allow the Defendants to retain new counsel and allow new counsel the opportunity to evaluate whether modifications to their counterclaims are necessary, before the Court acts.

4. The Corporate Defendants' Motion to Withdraw Preliminary Injunction Motion and Supporting Memorandum (Doc. No. 148) is **GRANTED**.

5. The Defendant's Motion to Withdraw Certain Exhibits Filed and Attached to Answer to Amended Complaint and Verified Counterclaim and Third-Party Complaint (Doc. No. 153) is **GRANTED**.

6. The Motion to File an Amended Memorandum in Support of Certain Individual Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 154) is **GRANTED**.

7. The Motion to Withdraw Defendants' Motion for Consolidation of the Hearings on the Parties' Motions for Preliminary Injunction with the Trial on the Merits and Supporting Memorandum (Doc. No. 155) is **GRANTED.**

8. The Motion to File an Amended Memorandum in Support of Defendants Qiang Huang, Min Hua Lin, Sweet Home Kitchen and Bath, Inc., D/B/A/ ProCraft Cabinetry Dallas, LLC, ProCraft Cabinetry Houston, LLC, and ProCraft Cabinetry Seattle, LLC's Motion for Judgment on the Pleadings (Doc. No. 156) is **GRANTED**.

9. In light of the Court's rulings concerning Docket Numbers 154 and 156, Plaintiff's Motion to Strike (Doc. No. 157) is **DENIED AS MOOT**.

10. The Joint Motion for Extension of Time to File Responses and Replies (Doc. No. 131) is **DENIED AS MOOT**. The Court will set new deadlines, as appropriate, after new counsel enters an appearance.

11. The Motion to Quash Subpoena on Toyota Financial (Doc. No. 140), Motion to Quash Subpoena on Heritage Bank (Doc. No. 138), and Motion to Compel Expedited Discovery Responses (Doc. No. 116) have an existing referral to the Magistrate Judge for disposition. However, these motions shall be held in abeyance until the period of time elapses for defendants to retain new counsel.

12. All other pending motions remain active.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE