# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PROCRAFT CABINETRY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-cv-01392 |
| | ) CHIEF JUDGE CRENSHAW |
| SWEET HOME KITCHEN AND BATH, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Procraft Cabinetry, Inc. ("Procraft Cabinetry"), alleges that two of its shareholders, Peter Huang and Jackey Lin, directed multiple entities to sell counterfeit cabinetry bearing its registered "PROCRAFT CABINETRY" trademark. (Doc. No. 235 at 18-125.) Before the Court is Procraft Cabinetry's Motion for a Temporary Restraining Order Against Procraft Cabinetry Florida, LLC ("Procraft Florida")—a separate company run in part by Huang—Pending the June 5-6 Preliminary Injunction Hearing. (Doc. No. 205.) The Court had concerns that Procraft Cabinetry is not the proper plaintiff in this matter, and ordered supplemental briefing. (Doc. No. 232 at 1.) For the following reasons, it appears that a majority of shareholders failed to direct Procraft Cabinetry to file this lawsuit, and that this case should be dismissed. Therefore, pending a final determination, all discovery in this case is stayed except for as provided in the accompanying Order.

I.

On November 20, 2014, Hui (Sophia) Chen, Qiang (Peter) Huang, and Min Hua (Jackey) Lin executed the Shareholders' Agreement of Procraft Cabinetry, Inc. (Doc. No. 235-29.) With

the execution of the Shareholder's Agreement, Chen became the President of the Procraft Cabinetry, owning half the shares and investing $2,000,000.00. (Id. at 2-3.) As President, Chen is responsible for all daily decisions that involve $5,000.00 or less in all Procraft Cabinetry locations. (Id. at 3.) Huang and Lin became the Vice Presidents of the company, collectively owning half the shares and collectively investing $2,000,000.00. (Id. at 2-4)[1] Chen, Huang, and Lin all vote on all decisions that involve more than $5,000.00, where the "majority vote will rule." (Id. at 3-4.)

When the three Shareholders vote, if two of the partners vote in support of a measure, the other partner is supposed to vote in agreement with the majority "to ascertain that the Partners will be unified, acting as a single group, even when there would be other shareholders in the Company other than the Partners alone." (Id. at 4.) The Shareholders agreed not to compete with Procraft Cabinetry while employed at the company and for twelve months after leaving the company. (Id. at 4-5.)

On October 19, 2017, Chen directed Procraft Cabinetry to file the instant lawsuit to protect its trademark. (Doc. No. 253 at 3.) There are no allegations that Huang or Lin voted to file the instant lawsuit. Chen has concerns about the corporation: it appears that Procraft Florida's President may have admitted in his deposition that his company is infringing on Procraft Cabinetry's trademark. (Doc. No. 187 at 155-58.) However, because Chen is not permitted to unilaterally direct the corporation to take actions, it appears at this stage that she was not permitted under the Shareholders' Agreement to unilaterally file this lawsuit.

II.

Procraft Cabinetry advances three arguments that Chen is allowed to unilaterally direct the corporation to file this lawsuit: (1) Tennessee Code Annotated § 48-13-102 gives corporations the

---

[1] There are allegations that none of the three Shareholders have invested the proper amount into the Company. (Doc. No. 235 at 154; Doc. No. 255 at 9.)

ability to sue or be sued; (2) Chen has actual authority under the Shareholders Agreement; and (3) Procraft Florida does not have a right to challenge Chen's authority under Tennessee Code Annotated § 48-13-104(a).[2]

A.

"Unless its charter provides otherwise, every corporation" has the power to defend its interests, and that power includes to "[s]ue and be sued." TENN. CODE ANN. § 48-13-102(1). Procraft Cabinetry relies on this statute to authorize it to bring this lawsuit. It is true that it would have been able to bring this lawsuit, but it overlooks the prefatory limitation of § 48-13-102— "Unless its charter provides otherwise." That limitations constrains what a corporation can do, and in this case, whether it has the ability to bring this lawsuit.

B.

The Shareholders' Agreement is to be given primary consideration and control over any agreement or documents signed by the parties and the Articles of Incorporation, under Paragraph 13. (Doc. No. 235-29 at 6.) The Shareholders' Agreement gives each Shareholder the same "Main Tasks and Responsibilities." (Id. at 3-4.) Chen, as President, has additional "Main Tasks and Responsibilities":

(1) represent and warrant that all debts and liabilities have been paid in full prior to the execution of this agreement;

(2) daily decisions that involve $5,000.00 or less in all Procraft locations;

(3) ensuring all taxes are paid and that there are no outstanding debts.

---

[2] Procraft Cabinetry also argues that Huang and Lin do not have standing to challenge the Temporary Restraining Order because it is being sought against Procraft Florida, not Huang and Lin. The Court does not need to resolve this argument because, regardless of which party raises the argument, the counterclaim defeats any substantial likelihood of success on the merits on Procraft Cabinetry's claim against Procraft Florida.

As all three partners signed the agreement, it appears likely that these "tasks" are the ones "prescribed by the board of directors." TENN. CODE ANN. § 48-18-402.

Chen argues that she is permitted to bring suit on behalf of the corporation because she is the President with the Main Tasks & Responsibilities of "ensuring all taxes are paid an there are no outstanding debts"; "overseeing manufacturing of cabinetry"; "communicating with cabinetry suppliers"; "determining the quality of cabinets/cabinetry from other suppliers"; and to "implement marketing for Procraft Cabinetry, Inc. and all Procraft Cabinetry locations." (Doc. No. 237 at 3.) All of those tasks, with the exception of keeping up with the corporation's taxes and debts, are shared between the three Shareholders. (Doc. No. 235-29 at 3-4.) Chen has no more corporate authority on these tasks and responsibilities as the Vice Presidents, and none give her the right to direct the corporation to bring this case.

Because this suit requests over $5,000.00, the most relevant "task" is that each partner vote on the decision of whether to bring the suit, with the majority vote controlling. (Id.) Here, Procraft Cabinetry concedes that two of the three Shareholders are actually competing against Procraft Cabinetry by allowing use of its registered trademarks without corporate approval and to its detriment. Of course those two shareholders would not authorize a lawsuit to challenge their own allegedly-wrongful actions. It appears that did not happen, so at this point, the Court cannot conclude that the Shareholders' Agreement gives Chen authority to direct Procraft Cabinetry to bring the suit.

C.

Procraft Cabinetry's third argument is that Tennessee's ultra vires statute does not permit Procraft Florida to challenge "the validity of corporate action . . . on the ground that the corporation lacks or lacked power to act." TENN. CODE ANN. § 48-13-104(a). The Court need not resolve this
4

question because the statute expressly permits the shareholders derivatively to bring an action to challenge corporation's power to act "against an incumbent or former director, officer, employee, or agent of the corporation." Id. at (b)(2). If the derivative action succeeds, "the court may enjoin or set aside the act, if equitable and if all affected persons are parties to the proceeding, and may award damages for loss (other than anticipated profits) suffered by the corporation or another party because of enjoining the unauthorized act." Id. at (c).

Here, Huang and Lin are shareholders of Procraft Cabinetry. Huang and Lin have filed a derivative counterclaim, on behalf of Procraft Cabinetry, demanding that Procraft withdraw the instant lawsuit, which is permitted under § 48-13-104(b)(2). (Doc. No. 255 at 18, 24.) If successful, the derivative claims would require the Court to "enjoin or set aside" this lawsuit against "all affected persons," including Procraft Florida.

Chen would also be able to file a derivative lawsuit if she believes the majority of shareholders are harming Procraft Cabinetry. Tennessee law allows a shareholder to file a derivative lawsuit on behalf of the corporation. TENN. CODE ANN. § 48-17-401. If Chen believes that the "corporation, acting through its directors or a majority of its shareholders, [are making] the decision not to pursue the corporation's legal rights, . . . [she] may decide to bring a derivative action on behalf of the corporation." Keller v. Estate of McRedmond, 495 S.W.3d 852, 867 (Tenn. 2016) (citing Stockholder's Right to Maintain (Personal) Action Against Third Person as Affected by Corporation's Right of Action for the Same Wrong, 167 A.L.R. 279 (20th ed., originally published in 1947)). "Through the use of derivative litigation[,] shareholders have the ability to assert claims against directors, management, other shareholders, or even third persons." Id. at 868 (quoting Elizabeth J. Thompson, Note, Direct Harm, Special Injury, or Duty Owed: Which Test Allows for the Most Shareholder Success in Direct Shareholder Litigation?, 35 J. CORP. L. 215,

208 (2009)). Any recovery would be by the corporation itself, thereby wielding the same result that Chen sought by directing Procraft Cabinetry to file this lawsuit. Id.

The Court will enter an appropriate order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE