# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PROCRAFT CABINETRY, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-cv-01392 |
| | ) CHIEF JUDGE CRENSHAW |
| SWEET HOME KITCHEN AND BATH, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is ProCraft Cabinetry, Inc.'s ("Procraft Cabinetry") Motion to Stay Pending Appeal (Doc. No. 368) and Motion to Expedite Determination of Plaintiff's Motion to Stay Pending Appeal (Doc. No. 370). Defendants have filed an opposition. (Doc. No. 372.) Procraft Cabinetry has filed its reply. (Doc. No. 373.) For the reasons stated below, the Court will deny the motions.

A. Factual Background

On September 24, 2018, the Court entered a Memorandum Opinion granting summary judgment to Qiang Huang ("Huang") and Min Hua Lin ("Lin"), two shareholders in Procraft Cabinetry, on Count Five of their Third Party Complaint, demanding that Sophia Chen, the remaining Procraft Cabinetry shareholder, direct Procraft Cabinetry to withdraw the instant lawsuit. (Doc. No. 362.) In granting summary judgment, the Court determined that (1) the "Shareholders' Agreement of Procraft Cabinetry, Inc. Company," entered into by Huang, Lin, and Chen, was valid and binding, giving Huang and Lin certain shareholders rights in Procraft Cabinetry; and, as a result, (2) Chen did not have authority to unilaterally direct Procraft Cabinetry

to file the instant lawsuit. (Doc. No. 362 at 6-14.) Accordingly, the Court dismissed Procraft Cabinetry's complaint. (Doc. No. 363.) Importantly, the Court's order also dissolved a previously entered temporary restraining order ("TRO") preventing Huang and Lin from exercising their rights as shareholders of Procraft Cabinetry to end the lawsuit. (Doc. No. 362 at 14-15.)

Shortly after, on October 1, 2018, Procraft Cabinetry filed a notice, appealing the Court's grant of summary judgment, dismissal of the action, and dissolution of the TRO. (Doc. No. 367.) Nine days later, on October, 10, 2018, Procraft Cabinetry filed the instant motion, seeking a stay of this Court's summary judgment and dismissal order. (Doc. No. 368.) At heart, Procraft Cabinetry seeks to stay dissolution of the TRO in order to maintain the corporation's status quo during the pendency of the appeal. (Doc. No. 368 at 3-4.) Having considered Procraft Cabinetry's stay motion, the response, the reply, and submissions, the Court finds that Procraft Cabinetry has not demonstrated that a stay is warranted.

B. Applicable Law

"A stay is an intrusion into the ordinary processes of administration and judicial review." Dodds v. United States Dep't of Educ., 845 F.3d 217, 220 (6th Cir. 2016) (citing Nken v. Holder, 556 U.S. 418, 435 (2009)). A stay is not a matter of right, "even if irreparable injury might otherwise result." Nken, 556 U.S. at 433 (citing Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Id. (citing Virginian R. Co., 272 U.S. at 672-673). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34 (citing Clinton v. Jones, 520 U.S. 681, 708 (1997)). "Discretion is not whim." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). "[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is

to be guided by sound legal principles.'" Id. (quoting United States v. Burr, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)).

The Supreme Court has distilled the key legal principles regarding stays into consideration of four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

Id. (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Ohio St. Conference of N.A.A.C.P. v. Husted, 769 F.3d 385, 387 (6th Cir. 2014).[1] Although these factors are "interrelated considerations that must be balanced," In re EPA, 803 F.3d 804, 806 (6th Cir. 2015), vacated on other grounds by In re United States Dep't of Def., 713 F. App'x 489 (6th Cir. 2018), "[t]he first two factors of the traditional standard are the most critical." Nken, 556 U.S. at 434.

As to the first factor, according to the Supreme Court, it is not enough that the chance of success on the merits be "better than negligible," and "[m]ore than a mere possibility of relief is required." Nken, 556 U.S. at 435 (citations and internal quotation marks omitted). To demonstrate a strong likelihood of success on the merits, a party must show not the bare possibility of success that exists in any case but, "at a minimum, serious questions going to the merits." Dodds, 845 F.3d at 221 (citing Mich. Coal. of Radioactive Mat. Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)); see also PGP, LLC, v. TPII, LLC, Case No. 17-6221, 734 F. App'x 330, 333 (6th Cir.

---

[1] There is substantial overlap between these and the factors governing preliminary injunctions. Nken, 556 U.S. at 428; Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "Both can have the practical effect of preventing some action before the legality of that action has been conclusively determined. But a stay achieves this result by temporarily suspending the source of authority to act – the order or judgment in question – not by directing an actor's conduct." Nken, 556 U.S. at 428-29.

2018) (in preliminary injunction case, rejecting likelihood of success on the merits argument because "while it is *possible* that [plaintiff] will ultimately prevail on this theory before the district court, [plaintiff] has not demonstrated that it is *probable* that it will succeed on the merits) (emphasis in original) (citing Mason Cty. Med. Ass'n v. Knebel, 563 F.2d 261 n.4 (6th Cir. 1977) (noting the "unfortunate" prior use of the terminology that there must be a "possibility" of success on the merits and stating that "plaintiffs must demonstrate a strong or substantial likelihood" of success)).

By the same token, simply showing some "possibility of irreparable injury" fails to satisfy the second factor. Nken, 556 U.S. at 435 (citing Winter, 555 U.S. at 22). In evaluating the harm that will occur depending upon whether the stay is granted, courts look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. Griepentrog, 945 F.2d at 154 (citations omitted). In evaluating the degree of injury, it is important to remember that "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis added) (quoting Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. Griepentrog, 945 F.2d at 154 (citing Wisconsin Gas Co. v. Fed. Energy Reg. Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985)). In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.[2] Id.

---

[2] "When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other." Nken, 556 U.S. at 438 (concurring) (citing Curry v. Baker, 479 U.S. 1301, 1302 (1986) (Powell, J., in

The third factor – the harm to the opposing party – requires the Court to balance the harm that the plaintiff will suffer in the absence of a stay against the harm defendants and third parties may incur. Corp. Express Office Prods. v. Warren, No. 01-2521-DBRE, 2002 WL 1901902, at *27 (W.D. Tenn. May 24, 2002). Finally, the Court must determine where the public interest lies. Nken, 556 U.S. at 434.

    C.  Application to Motion for Stay of Summary Judgment Order

First, Procraft Cabinetry has not demonstrated a strong likelihood of success on the merits. Procraft Cabinetry's argument on this prong of the test consists of three parts: (1) the Shareholders' Agreement is latently ambiguous; (2) the parties to the Shareholders' Agreement (Huang, Lin, and Chen) were mutually mistaken as to its purpose; and (3) Chen was authorized and bound by law to unilaterally direct Procraft Cabinetry to file the lawsuit. (Doc. No. 369 at 6-14.) Procraft Cabinetry asserts that, because the Shareholders' Agreement is latently ambiguous and the result of mutual mistake, the Court erred in failing to consider extraneous evidence to determine the intent of the parties. Further, Procraft Cabinetry argues that, even if the Shareholders' Agreement was valid and binding, Chen was authorized to unilaterally file the lawsuit in the execution of her fiduciary duties as President of Procraft Cabinetry. (Id.)

As an initial matter, Procraft Cabinetry never specifically argued that the Shareholders' Agreement was latently ambiguous before the Court, and, therefore, it is unlikely that this argument will be considered before the Sixth Circuit. See Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1172 (6th Cir. 1996) ("Issues that are not squarely presented to the trial court are

---

chambers) ("It is no doubt true that, absent [a stay], the applicant here will suffer irreparable injury. This fact alone is not sufficient to justify a stay."); Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (Blackmun, J., in chambers) ("[L]ikelihood of success on the merits need not be considered . . . if the applicant fails to show irreparable injury from the denial of the stay.").

considered waived and may not be raised on appeal."). While it is true that latent ambiguity and mutual mistake would allow the Court to review extraneous information to determine the intent of the parties, the Court has discussed the Shareholders' Agreement at length in its Memorandum Opinion and concluded that it was *not* ambiguous. (See Doc. No. 362 at 8-11.) Although Procraft Cabinetry acknowledges the Court's analysis, it has offered no new arguments to cast it in doubt. Further, Procraft Cabinetry still has not explained why Chen's unilateral action in directing the corporation to file suit, in the purported execution of her fiduciary duties, was preferable to initiating a derivative lawsuit on behalf of the corporation. (See Doc. No. 270 at 5.)

      The Court's opinion was written after careful consideration of the parties' briefing of the issues and a thorough review of relevant precedent. See, e.g., Consumer Fin. Prot. Bureau v. Harbour Portfolio Advisors, LLC, Case No. 16-14183, 2017 WL 5892227, at *2 (E.D. Mich. Mar. 14, 2017) (finding respondents had not raised a meaningful challenge to the court's application of the applicable legal standard where they merely argued that one could reasonably contest the court's conclusion, and denying stay based upon failure to raise serious questions going to the merits); Osborn v. Griffin, Civil Action Nos. 2011-89 (WOB-CJS), 2013-32 (WOB-CJS), 2016 WL 7888037, at *1 (E.D. Ky. Nov. 2, 2016) (denying stay pending appeal where defendants focused "their brief on the assertion that they will prevail on appeal, [and] their legal arguments in support of that proposition [we]re the same that th[e] [c]ourt has previously rejected"). Furthermore, the Court disagrees with Procraft Cabinetry's fundamental assumption that, if our Court of Appeals were to review extraneous information to the Shareholders' Agreement, Procraft Cabinetry would prevail. (Doc. No. 369 at 6-12.) Because Procraft Cabinetry has not established a strong likelihood of success on the merits of its appeal, this factor weighs against a stay.

Second, Procraft Cabinetry has not established irreparable injury absent a stay. Procraft Cabinetry argues that, without a stay, it will suffer irreparable harm because a shareholders' meeting, scheduled for October 16, 2018, will occur for the purpose of: (1) removing Chen as President of Procraft Cabinetry's President and replacing her with Lin; (2) terminating counsel for Procraft Cabinetry; (3) ceasing all interference with Huagn and Lin once they elect themselves as officers; and (4) demanding Chen's cooperation with Lin once he is elected President. Procraft Cabinetry contends that, once Lin and Huang are elected officers and counsel is replaced, the pending appeal before the Court of Appeals will be dismissed, leaving it no way to seek redress through a review of the Court's summary judgment order.

The loss of a right to appeal may constitute irreparable harm, however, here, Procraft Cabinetry has an adequate, alternative remedy at law, a derivative suit in Tennessee state court, and, indeed, it is currently actively pursuing that remedy. (See Doc. No. 372-1.) In fact, Procraft Cabinetry is seeking a restraining order from the Tennessee state court to prevent Huang and Lin from acting at the October 16th shareholders' meeting. (See Doc. No. 372-2.) If Procraft Cabinetry is successful, it will be granted the exact relief it seeks: enjoinment of Huang and Lin's shareholder rights, preservation of the status quo, and continued prosecution of its appeal before the Sixth Circuit. Therefore, because there is an adequate remedy at law, and Procraft Cabinetry is currently pursuing that remedy, it cannot demonstrate irreparable injury absent a stay. See Becton v. Thomas, 48 F. Supp. 2d 747, 762 (W.D. Tenn. Apr. 22, 1999) (citing CSX Transp. Inc. v. Ten. State Bd. Of Equalization, 964 F.2d 548, 551 (6th Cir. 1992)) ("[A] plaintiff's harm is not irreparable if there is an adequate remedy at law."). This factor therefore also weighs against a stay.

Third, the Court considers the harm that the plaintiff will suffer in the absence of a stay against the harm defendants and third parties may incur. Procraft Cabinetry argues that Huang and Lin will not be harmed because (1) there will only be a negligible and "short-lived" delay on appeal and (2) the stay will prevent Lin and Huang from breaching their fiduciary duties, if any, to Procraft Cabinetry. (Doc. No. 369 at 15.) The Court is not persuaded by either of these contentions. As to the first point, any further delay prejudices Lin and Huang. The restraining order prohibiting them from exercising their shareholder rights was pending for over nine months before the Court's summary judgment order. It is impossible to predict how long the Court of Appeals may take to resolve this matter. See Phoenix Global Ventures, LLC, 2004 WL 2734562, at *3 ("Granting defendants a stay based solely on the possibility that the [appeals court] might decide the appeal quickly would remove the heavy burden placed on the moving party in justifying a stay by eliminating the rigor of the four-factor analysis."). Additionally, given the Court's previous order, the Court has been presented with little justification for interfering with Lin and Huang assuming their fiduciary duties. Indeed, some of the objectives at the scheduled shareholders' meeting include ascertaining the financial status of Procraft Cabinetry, reviewing financial records, and discussing monthly and quarterly financial update protocols. (See Doc. 368-1 at 2.) Thus, the balance of harms weighs in Lin and Huang's favor, and, therefore, this factor also weighs against a stay.

Finally, in regard to the public interest, the Court looks to how the stay will affect the people of Tennessee. The Court is of the opinion that the people of Tennessee have a strong public policy interest in the favor of upholding contracts. See e.g., Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 389 (6th Cir. 2001). The Court has determined that the Shareholders' Agreement is valid and binding, Huang and Lin are shareholders in Procraft Cabinetry, and therefore, a

continued enjoinment of Huang and Lin's contractual rights is not in the public interest. Moreover, the issue of the enjoinment of the activities of a shareholder meeting of a Tennessee corporation is appropriately being litigated now in a Tennessee state court. This factor weighs against a stay.

On balance, the Court finds that Procraft Cabinetry has failed to meet its "heavy burden of demonstrating that a stay is warranted. While [Procraft Cabinetry] did assert some problems [it] identif[ies] in the district court's legal conclusions, [the Court] . . . cannot say that [Procraft Cabinetry] ha[s] carried [its] burden to make a "*strong* showing that it is likely to succeed on the merits." Husted, 769 F.3d at 389 (citing Nken, 556 U.S. at 434) (emphasis in original). "Moreover, [Procraft Cabinetry] did not carry [its] burden to demonstrate that [it] will suffer . . . irreparable harm." Id. "In contrast, [Huang and Lin] have demonstrated that they and the public will likely suffer significant harm if the stay is granted." Id.

D. Conclusion

For the foregoing reasons, Procraft Cabinetry's Motion to Expedite and Motion to Stay Pending Appeal (Doc. Nos. 368, 370) will be denied. The Clerk of Court will be directed to forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit in connection with Court of Appeals Case Number 18-6053.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE